2003 MAY -5  AM 11: 33

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY RIDDLE, | ) | Case No. 1:02 CV 1935 |
| | ) | Crim. No. 94 CR 385 |
| Petitioner, | ) | |
| | ) | Judge Kathleen M. O'Malley |
| v. | ) | |
| | ) | Magistrate Judge David Perelman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDED DECISION

Now comes the United States of America, by its counsel, Gregory A. White, United

States Attorney, and Craig S. Morford and Matthew B. Kall, Assistant United States Attorneys,

and files its Response to Petitioner's Objections to Magistrate's Report and Recommended

Decision.

I.    LAW AND ARGUMENT

A.    Failure to Raise Claim of Ineffective Assistance on Direct Appeal

Based on the recent Supreme Court holding in Massaro v. United States, Case No. 01-

1559 (U.S. April 23, 2003), the government concedes that Petitioner's failure to raise his claim

of ineffective assistance of counsel on direct appeal did not act as a procedural default of that

claim. The government did not argue procedural default of the ineffective assistance claims in its

- 2 -

original response.  The government agrees with Petitioner that this Court should reject the

portion of the Report and Recommendation finding a procedural default of the ineffective

assistance of counsel claims.

Nonetheless, Petitioner is still not entitled to the relief he seeks.  The Supreme Court's

holding in Massaro did not affect the overall standard for determining whether there has been

ineffective assistance of counsel.  To the contrary, the Court once again affirmed its findings in

Strickland v. Washington, 466 U.S. 668 (1984), where it held that, "[t]he benchmark for judging

any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just

result."  Id., at 686.  A petitioner claiming ineffective assistance must prove that "counsel's

actions were not supported by a reasonable strategy and that the error was prejudicial."  Massaro,

slip. op. at 4.

**B.      Petitioner Has Raised No Valid Grounds for § 2255 Relief**

Petitioner's Objections do not present any new evidence or legal authority; instead,

Petitioner merely rehashes the same arguments he presented in his original § 2255 motion.

Accordingly, the government relies on the same authority and arguments presented in its

Response to Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255.

**1.      Ineffective Assistance of Counsel for Failure to Initiate Plea
Bargaining**

Petitioner claims that he was denied effective assistance of counsel because his attorney

allegedly failed to initiate any plea bargaining with the government in this case.  Defendant has

not met his burden of proof on this issue.  He could have provided this Court with an affidavit

- 3 -

from his trial attorney, Jay Milano, to support this allegation, but did not. Mr. Milano has

represented to the government that he discussed plea bargaining with his client, and his client

was not interested.

In addition, at the time of his arrest, government agents spoke to Petitioner regarding the

possibility of a plea bargain. Petitioner refused to listen to any offer the government made, and

in fact, went so far as to cover his ears with his hands and shook his head from side to side. See

Affidavit of Special Agent Stoll, attached hereto as Exhibit 1.

Petitioner has not met his burden of proving ineffective assistance. He cannot show that

he would have accepted any plea offered by the government. To the contrary, it was clear

throughout that he was not interested in entertaining any offer from the government in this

matter.

### 2. Ineffective Assistance of Counsel for Failure to Call Defendant as Trial Witness

Defendant claims that his attorney was ineffective for failing to call him as a witness at

trial. Defendant fails to demonstrate, however, any prejudice that resulted. He has not submitted

an affidavit detailing what his testimony would have been. He has not proven that the testimony

would have had any effect on the outcome of the case. See Foster v. Dello, 39 F.3d 873, 877

(8th Cir. 1994) ("Since it is incumbent on a petitioner to show that he was actually prejudiced by

his counsel's actions [in failing to call him as a witness at trial], we cannot grant relief."); see

also Dell v. Straub, 194 F.Supp.2d 629, 653 (E.D. Mich. 2002).

A petitioner's bare-bones assertion that trial counsel forbade him to testify, without

substantiation or particularity, is insufficient to require inquiry by this Court. See Underwood v.

- 4 -

Clark, 939 F.2d 473, 475-76 (7th Cir. 1991). See also Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987); United States v. Wiggins, 971 F. Supp. 660, 663 (N.D.N.Y. 1997). "Some greater particularity [that a bare-bones affidavit from the petitioner] is necessary–and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify–to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim." Underwood, 939 F.2d at 476.

A defense attorney's failure to call a defendant at trial is not per se ineffective assistance. United States v. Tavares, 100 F.3d 995,998 (D.C. Cir. 1996). To the contrary, since a criminal defendant has a constitutional right to testify, or not to testify, the exercise of one right necessarily requires the waiver of another. Therefore, the decision whether to testify is "an important part of trial strategy best left to the defendant and counsel without the intrusion of the rial court." United States v. Pennycooke, 65 F.3d 9, 11 (3d Cir. 1995). Moreover, "advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" Carter v. Lee, 283 F.3d 240, 248 (8th Cir. 2002) (quoting Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983).

Since Petitioner has not demonstrated that his attorney prevented him from testifying, that the tactical decision not to testify was based on ineffective assistance of counsel, and that any prejudice resulted, he is not entitled to the relief he seeks.

### 3. Ineffective Assistance of Counsel Due to Alleged Conflict of Interest

Petitioner, for the first time in the history of this case stemming back to late 1997, asserts that his trial attorney, Jay Milano, had a conflict of interest because he was allegedly hired and

- 5 -

paid initially by Lenine Strollo. Petitioner claims this deprived him of his constitutional right to effective assistance of counsel.

First of all, there is significant evidence to contradict this allegation that Mr. Milano was hired and paid for by Lenine Strollo. Specifically, Mr. Milano was paid for by the Court, as counsel appointed pursuant to the Criminal Justice Act (CJA). (See R. 195-197). Moreover, Mr. Milano was appointed in January of 1998—at the time of Petitioner's arraignment on the original indictment. Accordingly, the evidence in the record indicates that Mr. Milano was paid by the Court, not Lenine Strollo.

Even assuming this allegation were true, Petitioner does not claim that it is newly discovered that Mr. Milano was hired or paid for by Strollo. In his affidavit, Petitioner not only claims Mr. Milano was hired and paid for by Strollo, he contends that he had knowledge of this supposed financial arrangement at the time it was happening. Despite this knowledge, he failed to raise this claim until he filed this § 2255 motion. He has not offered any explanation for his failure to bring this matter to the Court's attention prior to the filing of this petition.

If the trial judge is alerted to a possible conflict of interest, or reasonably should have known about the conflict, there is a presumption that the defendant was prejudiced if the court did not conduct an inquiry into the conflict. Holloway, 435 U.S. at 484-91. However, if the trial judge was not put on notice of the potential conflict, prejudice will only be found if the petitioner can demonstrate that the counsel actively represented conflicting interests and the conflict adversely affected the attorney's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).

In Cabello v. United States, 188 F.3d 871 (7th Cir. 1999), the petitioner raised the same issue as the present case. Cabello claimed that her trial counsel was ineffective due to a conflict

- 6 -

because the attorney was paid for by her boyfriend, who was a fugitive co-defendant that was the leader of the conspiracy. The petitioner claimed that the district court should have been suspicious of the circumstances surrounding the legal representation because Cabello could not afford an attorney, it was believed that the co-defendant had fled to Mexico, and the defense attorney entered an appearance late in the case and was from Texas. Even on these facts, the Seventh Circuit held that there was not sufficient evidence to alert the court that a potential conflict existed. See also United States v. Shaughnessy, 782 F.2d 118 (8th Cir. 1986) (holding that petitioner's failure to demonstrate that his attorney performed deficiently was bar to § 2255, even though attorney was hired by co-conspirator); United States v. Alvarez, 137 F.3d 1249, 1252 (10th Cir. 1998) (petitioner must point to specific instances in the record that suggest that attorney hired by third party compromised petitioner's interests); United States v. Ryan, 23 F.Supp.2d 1044, 1052-54 (S.D. Iowa 1998).

Petitioner has not demonstrated any evidence that would have alerted this Court that Strollo was allegedly paying Mr. Milano, Petitioner's trial counsel. Unlike the situation in Cabello, Mr. Milano is from this area, and routinely handles criminal cases in this court. There was nothing unusual about Mr. Milano's representation of Petitioner in this case.

Further, there is no evidence that Mr. Milano's performance as Petitioner's trial counsel was in any way deficient. The only prejudice Petitioner claims to have suffered is his claim that his attorney failed to initiate plea bargaining. Contrary to Petitioner's assertion, his trial counsel was effective and showed no loyalty whatsoever to Strollo.

- 7 -

### 4. Ineffective Assistance of Counsel for Failure to Object and Stipulate to Prior Conviction

Petitioner claims that his attorney should have stipulated to his prior conviction because the jury was allegedly prejudiced by the violent nature of the offense. Petitioner also asserts that the government "dwelled" on this evidence in its closing argument.

Petitioner reads Old Chief v. United States, 519 U.S. 172 (1997), too broadly. The Supreme Court, while carving out a narrow exception for stipulations to felony-convict status in cases where that status is an element of the crime, reaffirmed the general rule that "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Id. at 186-87. Old Chief does not require the exclusion of other crimes evidence where the evidence is offered to prove an element other than felony-convict status. See United States v. Bilderbeck, 163 F.3d 971, 977-78 (6th Cir.1999). "[T]he prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it." Id. at 189. Other circuits have reached similar conclusions. See United States v. Campos, 221 F.3d 1143, 1149 (10th Cir.2000); United States v. Williams, 238 F.3d 871, 876 (7th Cir.2001) ("We believe that ... Old Chief counsels that a defendant's offer to stipulate to an element of an offense does not render inadmissible the prosecution's evidence of prior crimes to prove elements such as knowledge and intent."); United States v. Crowder, 141 F.3d 1202, 1209 (D.C.Cir.1998) ("we hold that a defendant's offer to stipulate to an element of an offense does not render the

- 8 -

government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal.").

In this case, evidence regarding Petitioner's prior conviction was not introduced to satisfy a status element of a statute like 18 U.S.C. § 922(g). Instead, the evidence was introduced to demonstrate the manner by which the charged RICO enterprise conducted its operations, and the lengths to which it would go to protect its members. Old Chief does not require the government to withhold presentation of evidence relevant to proving the RICO enterprise element conduct in such circumstances. It was not Petitioner's status as a convict that was relevant in this case—it was the fact that other members of the enterprise tried to assist Petitioner when he was arrested. Accordingly, the government was not required to stipulate to the evidence under Old Chief, and defense counsel's failure to offer such a stipulation was not ineffective.

        **5.**     **Even if Petitioner Could Demonstrate a Valid Legal Basis for Striking Van Brocklin's Testimony, He Cannot Show Any Prejudice.**

Petitioner claims that his attorney was ineffective for failing to move to strike the testimony of government witness Gary Van Brocklin due to Van Brocklin's refusal to answer questions on cross-examination. (See Tr. 113-14). Petitioner is attempting to transform an issue that could have been raised on direct appeal, but was not, into an ineffective assistance claim. Since this issue could have been raised on appeal, Petitioner must demonstrate "cause to excuse his failure to appeal the issue and actual prejudice. Ratliff v. United States, 999 F.3d 1023, 1025 (6th Cir. 1993). The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the offense" impeded his efforts to raise the issue as required by each relevant procedural rule, Coleman v. Thompson, 501 U.S. 722, 753 (1991), but also that

- 9 -

the error he alleges "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error," <u>Frady,</u> 456 U.S. at 170.

There was no ineffective assistance of counsel, because Petitioner's argument is without legal merit. Had his attorney raised the argument in the district court, it properly would have been denied. The Court was not required to strike Van Brocklin's testimony for several reasons. First, Van Brocklin did not refuse to answer the questions or assert his Fifth Amendment privilege. He merely asked for time to consult with an attorney. (Tr. 123-24). Second, even if the witness had asserted his Fifth Amendment privilege, there would not be sufficient basis to strike his testimony. Where "the invocation of the privilege merely precludes inquiry into collateral matters which bear only on the general credibility of the witness, there is little danger of prejudice to the defendant, and, therefore, the witness' direct testimony need not be stricken." <u>United States v. Gullett,</u> 713 F.2d 1203, 1208 (6th Cir. 1983). Van Brocklin was subject to extensive cross-examination on a number of points relevant to his direct examination. He merely asked for time to consult an attorney before answering questions on a collateral impeaching issue—whether he had ever accepted campaign donations from Strollo or hired anyone at Strollo's request. Van Brocklin was powerfully impeached by his awkward pausing and request to talk with an attorney when asked if he had ever taken bribes from Strollo during his tenure as Mahoning County Prosecutor. Moreover, the defense obtained the answer to those questions from Lenine Strollo.

Even if this Court were required to strike Van Brocklin's testimony because he asked to consult with an attorney before answering two questions relating to collateral issues, no prejudice resulted. The defense was able to obtain answers to the two questions from Strollo on cross-

examination. (Tr. 758-60). Therefore, defense counsel was not ineffective and no substantial

- 10 -

examination. (Tr. 758-60). Therefore, defense counsel was not ineffective and no substantial prejudice resulted, because the defense was able to obtain the evidence from an alternative source.

### 6.  All Jencks Act Materials Were Properly Disclosed

Petitioner claims that his attorney was ineffective for failing to move for disclosure of Jencks Act materials from witness Lenine Strollo. Petitioner could have raised this issue on direct appeal, but did not. Therefore, Petitioner must demonstrate cause to excuse his failure to appeal the issue and actual prejudice. Ratliff v. United States, 999 F.3d 1023, 1025 (6th Cir. 1993). Moreover, the government properly produced all Jencks Act material to defense counsel at trial, pursuant to this Court's orders. Therefore, Petitioner cannot demonstrate any prejudice that may have resulted from his attorney's failure to file a motion requesting the Jencks Act material.

### 7.  Ineffective Assistance of Counsel for Waiving Petitioner's Presence at Voir Dire

Petitioner claims that his attorney was ineffective by waiving his presence at portions of the jury voir dire. This issue was raised on direct appeal and rejected by the Sixth Circuit. United States v. Altshuler, 249 F.3d 529, 533-35 (6th Cir. 2001). The Sixth Circuit held that Petitioner had knowingly waived his right to be present at voir dire. Moreover, the Sixth Circuit held that Petitioner had not shown any prejudice from his absence from voir dire. Id.

Where a claim has been raised and decided on direct review, it cannot be relitigated under section 2255 unless there has been an intervening change in the governing substantive law. Withrow v. Williams, 507 U.S. 680, 721-21 (1993); Oliver v. United States, 90 F.3d 177 (6th

Case: 1:02-cv-01935-KMO  Doc #: 14  Filed: 05/06/03  11 of 14.  PageID #: 143

Cir. 1996). Since this issue was fully litigated on direct appeal, and Petitioner has not cited any

change in the substantive law, he is not entitled to any relief on the basis of this issue. In

addition, even if the waiver were from Mr. Milano, and not Petitioner, it has been held that an

attorney's waiver of a defendant's presence at voir dire does not constitute ineffective assistance

because there is no demonstrable prejudice. <u>Girtman v. Lockhart</u>, 942 F.2d 468 (8th Cir. 1991).

### 8.  Ineffective Assistance of Counsel for Other Errors Claimed to be Cumulative

Petitioner claims that his defense attorney, Mr. Milano, was nothing more than a "warm

body" sitting next to him at the defense table. Petition at 22. In addition to the items described

above, Petitioner cites a number of other items that he believes demonstrated the ineffectiveness

of his trial attorney. Although none of these allegations has any merit, the government will

address each of them.

First, Petitioner alleges that his attorney was ineffective for failing to move to suppress

electronic interceptions. This is not a basis for relief because a detailed motion to suppress was

filed by Strollo prior to the time he agreed to plead guilty, and that motion was denied by the

Court. Petitioner has not and cannot demonstrate that any motion to suppress filed by his own

attorney would have been successful, and therefore, he has not demonstrated any prejudice.

Second, Petitioner alleges that his attorney was ineffective because he failed to move to

have the indictment redacted. Petitioner has not proven that the jury saw the whole indictment.

To the contrary, the record indicates that the jury was exposed to only the relevant portions of it,

and the whole indictment was not sent back to the jury room. (<u>See</u> Tr. at 1312-15). Even if

Petitioner had proven that the jury saw the entire indictment, this would not be a basis for relief

because the jury was specifically instructed only to consider the counts and racketeering acts involving Petitioner and his co-defendants and that each defendant and count must be considered separately. (Tr. at 1522-24). This Court instructed the jury not to consider whether any other individuals should be prosecuted. (Id.). Given this limiting instruction, redaction of the indictment was not necessary, and Petitioner cannot demonstrate any prejudice that resulted.

Third, Petitioner claims that his attorney was ineffective in opening the door to other acts evidence involving Petitioner's prior drug trafficking and robbery during his cross-examination of George Wilkins.[1] A strategic decision by defense counsel will be held to constitute ineffective assistance "only if it was so patently unreasonable that no competent attorney would have chosen it." Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987). In Kelly, the Eleventh Circuit held that a defense attorney whose cross-examination of a government witness opened the door to damaging evidence regarding his client was not ineffective. In the present case, Mr. Milano's decision to impeach Wilkins with evidence of his prior misconduct was not "patently unreasonable." Moreover, very little evidence was admitted on redirect examination as a result of the cross-examination. The government asked only one question regarding Petitioner as a result of Mr. Milano opening the door, and that question was very general. (See Tr. at 1106). Even if Mr. Milano's strategic decision to impeach Wilkins was patently unreasonable, no prejudice can be demonstrated, and therefore, this is not a basis for relief.

---

[1] Earlier in this motion, Petitioner claims that he wished to testify. If he had, the government would have been permitted to cross-examine Petitioner regarding these drug trafficking and robbery crimes. Fed. R. Evid. 609.

- 13 -

Petitioner also claims his attorney was ineffective for failing to object to testimony from two witnesses that they "thought" or "believed" certain facts to be true. However, it is well-established that a lay witness may provide lay opinions that are based on the witness's perception. Fed. R. Evid. 701(a). Petitioner has not cited any legal authority to demonstrate that the testimony he cited was inadmissible.

Finally, Petitioner's claim that a sleeping juror was not replaced is not supported by the record. The record indicates that the Court excused that juror prior to deliberations. (Tr. at 1368-69). Accordingly, he has not demonstrated any error on this issue.

## II.    CONCLUSION

For the foregoing reasons, Petitioner has failed to demonstrate any valid claim under 28 U.S.C. § 2255. The Magistrate Judge's Report and Recommendation, with the exception of the finding of procedural default of the claim of ineffective assistance of counsel, should be adopted by this Court.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney

By:

MATTHEW B. KALL
Assistant U.S. Attorney
Reg. No. 0067299 (Ohio)
801 West Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3600
(216) 522-7358 (fax)
Matthew.B.Kall@usdoj.gov

- 14 -

## CERTIFICATE OF SERVICE

A copy of the foregoing Government's Response to Petitioner's Objections to

Magistrate's Report and Recommended Decision is being sent by United States mail, postage

prepaid, on this _6th_ day of May, 2003 to the following:

    Jeffrey Riddle
    No. 52765-060
    USP Allenwood
    P.O. Box 3000
    White Deer, PA 17887
            *Petitioner Pro Se*


                                        Matthew B. Kall

n:/udd/mkall/.../mbk-01A (Riddle Response to Objs).wpd